IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **LARRY MARTIN WRIGHT,** § | | |
| **KERI SUMMER TIPPIE, &** § | | |
| **KENNETH STEVEN ISBELL,** § | | |
| § | | |
| *Plaintiffs,* § | | |
| § | CASE NO. 9:23-CV-_____-JMC | |
| v. § | JURY | |
| § | | |
| **THE FIRST NATIONAL BANK** § | | |
| **OF LIVINGSTON,** § | | |
| § | | |
| *Defendant.* § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HON. MICHAEL J. TRUNCALE, UNITED STATES DISTRICT COURT:

Larry Martin Wright, Keri Summer Tippie, and Kenny Isbell a/k/a Kenneth Steven Isbell, the plaintiffs, complains of The First National Bank of Livingston, the defendant, and for causes of action shows:

**DISCOVERY LEVEL**

1.  The plaintiff affirmatively pleads that he seeks only monetary relief aggregating $250,000 or less excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, so that this action is subject to the expedited actions process of Texas Rule of Civil Procedure and discovery must therefore be conducted under Texas Rule of Civil Procedure 190.2.

**STATEMENT OF RELIEF SOUGHT**

2.  Plaintiffs seek monetary relief of $250,000 or less excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs and equitable relief of rescission. The damages sought are within the jurisdictional limits of the court.

## PARTIES & SERVICE

3. Plaintiff, Larry Martin Wright, is an individual who is a citizen of the State of Texas.

4. Plaintiff, Keri Summer Tippie, is an individual who is a citizen of the State of Texas.

5. Plaintiff, Kenneth Steven Isbell (Plaintiff Isbell), is an individual who is a citizen of the State of Texas.

6. Defendant, The First National Bank of Livingston, is a Texas charted bank whose registered office is located in Polk County at 2121 U.S. Highway 190 West, Livingston, Texas 77351.  Defendant may be constructively served with process by serving its registered agent, A. C. "Corky" Evans, Jr., at that address.

## JURISDICTION

7. The Court has jurisdiction over the lawsuit because the suit arises under the Fair Debt Collection Practices Act (FDCA), 15 U.S,C. §§ 1692(f) *et seq*.

8. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's state law claims against defendant because plaintiff's state law claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

## RELEVANT FACTS

11. By a certain Deed of Trust and Security Agreement – Financing Statement (the "Deed of Trust"), dated November 13, 2017, and recorded in the office of the County Clerk of Polk County, Texas, on November 16, 2017, under Volume 2017-2129, Page 852 *et seq.* of the Official Records of Polk County, Texas, Larry Martin Wright and Keri Summer Tippie (collectively, the "Debtors") conveyed to Alex Garcia, or any successor or substitute appointed and designated as provided in the Deed of Trust from time to time acting under the Deed of Trust as Trustee for defendant's lien on the property described as:

> A tract or parcel of land containing a 3.2403-acre tract being out of the Robertson 164 Subdivision, described in an instrument recorded in Volume 366, Page 125 of the Deed Records of Polk County out of the John D. Burks Survey, Abstract 9 in Polk County, Texas, said 3.2403-acre tract being more commonly known as 128 Lonesome Pine Drive, Livingston, Texas 77351.

12. The lien provided to the defendant on the Property was given to secure the payment of the indebtedness evidenced by a certain Promissory Note, dated November 13, 2017, in the original principal amount of One Hundred Nine Thousand Three Hundred Fifty Dollars and 00/100 ($109,350.00), executed by the Debtors and payable to the order of the defendant.

13. By a certain Deed of Trust (Home Equity Loan) (the "Home Equity Loan"), dated February 1, 2019, and recorded in the office of the County Clerk of Polk County, Texas, on February 13, 2019, under Volume 2019-2194, Page 909 *et seq.* of the Official Records of Polk County, Texas, the Debtors conveyed to Jim G. Fox or Bobby Dover, or any successor or substitute appointed and designated as provided in the Home Equity Loan from time to time acting under the Home Equity Loan as Trustee for the plaintiff's lien on the Property.

14. The lien provided to the plaintiff on the Property was given to secure the payment of the indebtedness evidenced by the Home Equity Loan dated February 1, 2019, in the original principal amount of Twenty Thousand Four Hundred Fifty Dollars and 53/100 ($20,450.53).

15. Default allegedly occurred in the payment of the indebtedness on the Deed of Trust, however, defendant failed to provide notice to the Debtors and failed to provide the Debtors an opportunity to cure the default. The defendant, purportedly because of the alleged default, accelerated the indebtedness and requested the Trustee under the Deed of Trust to enforce the Deed of Trust and sell the Property pursuant to and in accordance with the provisions of the Deed of Trust.

16. Pursuant to a certain document dated August 18, 2021, and titled, "Appointment of Substitute Trustee," and recorded in Volume 2021-2357, Page 509 *et seq*. of the Official Records of Polk County, Texas, a Substitute Trustee was appointed to act under the terms of the Deed of Trust.

17. The Substitute Trustee allegedly caused (a) to be posted for at least twenty-one (21) consecutive days prior to the day of the sale at the courthouse of Polk County Texas; or (b) to be filed for at least twenty-one (21) consecutive days prior to the day of the sale with the County Clerk of of Polk County, Texas, written notice that the Property would be sold pursuant to the Deed of Trust, in a public venue to the highest bidder at the Polk County Courthouse designated by the Commissioner's Court where sales are to take place, beginning no earlier than 1:00 P.M. on October 5, 2021, the first Tuesday of October 2021.

18. Furthermore, the Substitute Trustee allegedly caused written notice of the proposed sale to be served by certified mail, return receipt requested, on the Debtors, and by certified mail, return receipt requested, every other party obligated to pay the indebtedness on the Deed of Trust

according to the records of the defendant, at least twenty-one (21) days preceding the date of the sale.

19. On October 5, 2021, at approximately 1:31 P.M. in Livingston, Polk County, Texas, pursuant to the powers under the Deed of Trust vested in him as Substitute Trustee, Brandon Wigent, the defendant's Senior Vice-President (then acting as an agent of the defendant), did cause the Property to be sold at a public venue in the manner required by and as provided under the Deed of Trust to E Capital Investments, LLC, for the sum of One Hundred Twenty-Five Thousand Dollars and 00/100 ($125,000.00).

20. This amount of the sale fully paid the indebtedness and resulted in excess proceeds being paid to the defendant. However, the defendant kept the excess proceeds from the sale without paying any to plaintiff as the junior lienholder on the Property in contravention of law.

21. On May 3, 2022, E Capital Investments, LLC, sold the Property to Joseph Christian Ross and Denise Lynn Ross, husband and wife, for the sum of Two Hundred Forty-Nine Thousand Eight Hundred Fifty Dollars and 00/100 ($249,850.00), almost twice as much as what it paid the defendant for the Property.

## COUNT I—RESCISSION OF FORECLOSURE SALE

22. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 17 of this complaint as if more fully set forth herein.

23. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, seek an Order setting aside the foreclosure sale.

24. The foreclosure sale was wrongful in that plaintiffs, Larry Martin Wright, and Keri Summer Tippie, complied with each and every material term of the Note and Deed of Trust.

25. There has been no incident of default, and therefore, no foreclosure is justified.

26. Defendant failed to comply with Texas law in instituting and carrying out the foreclosure sale.

27. The foreclosure sale is due to be set aside and held for naught due to defendant's failure to comply with the above statutory provisions and the provisions of the Note and the Deed of Trust.

28. Thus, plaintiffs, Larry Martin Wright, and Keri Summer Tippie, request that the Deed of Trust foreclosure sale which took place on October 5, 2021, be set aside, and held for naught and for such further and general relief to which they may be entitled.

## COUNT II—WRONGFUL DEED OF TRUST FORECLOSURE

29. Plaintiffs, Larry Martin Wright and Keri Summer Tippie, hereby incorporate the allegations set forth in Paragraphs 1 through 17 of this complaint as if more fully set forth herein.

30. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, seek action against defendant for wrongful Deed of Trust foreclosure.

31. The foreclosure sale which took place on October 5, 2021, was wrongful in that plaintiffs, Larry Martin Wright, and Keri Summer Tippie, had complied with each and every material term of the Note and the Deed of Trust.

32. Defendant failed to comply with the applicable Texas law in instituting and carrying out the foreclosure sale.

33. Thus, plaintiffs, Larry Martin Wright, and Keri Summer Tippie, request relief for the wrongful Deed of Trust foreclosure of the Property, to include compensatory and punitive damages together with attorney's fees and costs of court, and for such further and general relief to which they may be entitled.

## COUNT III—VIOLATION OF THE FDCPA

34. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, hereby incorporate the allegations set forth in Paragraphs 1 through 17 of this complaint as if more fully set forth herein.

35. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, seek action against defendant under the Fair Debt Collection Practices Act (FDCPA).

36. Defendant sent letters to plaintiffs, Larry Martin Wright, and Keri Summer Tippie, demanding sums of money, i.e., "collection letters."

37. The said letters were in violation of the Fair Debt Collection Practices Act, 15 U.S,C. §§ 1692(f) *et seq*.

38. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, request relief against defendant pursuant to the Fair Debt Collection Practices Act and the remedies available thereunder and for such further and general relief to which they are entitled.

## COUNT IV—BREACH OF CONTRACT

39. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, hereby incorporate the allegations set forth in Paragraphs 1 through 17 of this complaint as if more fully set forth herein.

36. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, seek recovery against defendant for breach of contract.

37. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, entered into a Note and Deed of Trust with defendant for the purchase of the Property.

38. Defendant breached its obligations under the terms of the Note and Deed of Trust.

39. Plaintiffs, Larry Martin Wright, and Keri Summer Tippie, request relief against defendant for its willful breach of the contract to include compensatory and punitive damages, attorney's fees, and court costs and for such further and general relief to which they are entitled.

## COUNT V-PLAINTIFF ISBELL'S RIGHT TO EXCESS PROCEEDS

40. On October 5, 2021, all conditions precedent to Plaintiff Isbell's right to the excess proceeds from the sale of the Property having occurred, Plaintiff Isbell was entitled to recover the excess proceeds from the sale.

41. Accordingly, the amount now due and owing by defendant, after deducting the proceeds from the sale of the property going towards defendant's lien, is $15,650 for which the defendant is liable to Plaintiff Isbell.

## ATTORNEY FEES

42. As a result of the sale of the Property to E Capital Investments, L.L.C., Plaintiff Isbell has incurred reasonable attorney's fees in the amount of $8,500, which, under the law requiring payment of any excess proceeds to Plaintiff Isbell, as the junior lienholder on the Property, the defendant is obligated to pay.

43. On November 1, 2022, Plaintiff Isbell presented the claim described above to defendant for payment by correspondence. At the time of filing this petition, payment for the just amount owed as excess proceeds from the sale of the Property has not been tendered. As a result of the defendant's failure to pay the claim, Plaintiff Isbell has been required to retain the undersigned counsel to institute and prosecute this action.

## DEMAND FOR JURY TRIAL

44. Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

45. For these reasons, plaintiffs ask for judgment against defendant for the following:

  (a) actual damages of at least $15,650;

  (c) prejudgment and postjudgment interest;

  (d) at least $8,500 for reasonable attorney's fees;

  (e) punitive damages for defendant's malicious and oppressive use of the nonjudicial foreclosure process to sell the Property;

  (f) costs of suit; and

  (g) all other relief the Court deems appropriate.

          Respectfully submitted,

         By: /s/ *Mark Aronowitz*
          MARK ARONOWITZ
          Texas Bar No.: 00793281
          markaronowitz@hotmail.com
          P. O. Box 1201
          Texas City, TX 77592-1201
          Tel.: (281) 402-6780
          Fax: (281) 715-4284

         ATTORNEY IN CHARGE FOR PLAINTIFFS,
         LARRY MARTIN WRIGHT, *et al.*

OF COUNSEL
JULIA CATHERINE HATCHER
Texas Bar No.: 24004692
Law Office of Julia C. Hatcher
1622 Campbell Lane
Galveston, TX 77551
Email: juliachatcher@gmail.com
Tel: (409) 599-6685
Fax: (281) 715-4284